STATE OF HAWAII, Plaintiff-Appellant, *v.* STACY P. MELEMAI, Defendant-Appellee

NO. 7810

CRIMINAL NO. 53808

APRIL 12, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ.,
AND RETIRED JUSTICES OGATA AND MENOR
ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY LUM, J.

In this appeal the State seeks to reverse two orders of the circuit court. The first order suppressed incriminating statements made by

the defendant because *Miranda*[1] warnings were not given defendant during his interrogation by the police. The other order dismissed the indictment against defendant because HRS § 291C-14 (1976), which requires motorists involved in accidents to furnish information, violates the defendant's constitutional guarantee against compulsory self-incrimination.[2]

For the reasons set forth below, we affirm in part and reverse in part.

On June 13, 1979, a jogger was struck by a pickup truck. Shortly after the incident, an eyewitness to the accident gave a police officer the license number of the truck, the number of occupants, and a description of the vehicle. Another eyewitness also gave the officer the license number.

The officer radioed in the license number to the police station and received the address and name of the registered owner of the vehicle. The vehicle was registered to defendant.

The officer then proceeded to defendant's address and another officer joined him there. A truck driven by defendant with a male occupant arrived. The vehicle matched the description given by the witnesses. At the officer's request, defendant came out of the truck and produced his driver's license. The officer asked defendant if he had hit anyone with his car, and defendant answered in the affirmative. The officer then asked him why he ran away, and defendant responded that he got angry when he saw the jogger and "went for him." Both questions were asked before *Miranda* warnings were given.

On January 15, 1980, defendant was indicted for failing to give information and render assistance in violation of HRS §§ 291C-12, 291C-14.

Defendant filed a motion to suppress his statements made in response to the officer's two questions and a motion to dismiss indictment. The trial court granted both motions, ruling that *Miranda* warnings were required before the officer could question defendant and that HRS § 291C-14 violated defendant's privilege against self-incrimination.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] Fifth amendment, United States Constitution, and art. I, § 5, Hawaii State Constitution.

## I.

An individual in police custody may not be subjected to interrogation without first being advised of his *Miranda* rights. *State v. Paterson,* 59 Haw. 357, 358-59, 581 P.2d 752, 753 (1978); *State v. Kalai,* 56 Haw. 366, 368, 537 P.2d 8, 11 (1975). Custodial interrogation was defined by the Supreme Court in *Miranda v. Arizona,* 384 U.S. 436, 444 (1966), as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."

Since defendant was "interrogated" within the meaning of *Miranda,*[3] the determinative issue is whether defendant was in custody or otherwise deprived of his freedom of action in any significant way. This determination is to be made by objectively appraising the totality of the circumstances. *State v. Sugimoto,* 62 Haw. 259, 265, 614 P.2d 386, 391 (1980); *State v. Patterson, supra* at 361, 581 P.2d at 755. These include the place and time of the interrogation, the length of the interrogation, the nature of the questions asked, the conduct of the police, and all other relevant circumstances. *State v. Sugimoto, supra* at 265, 614 P.2d at 391; *State v. Patterson, supra* at 361, 581 P.2d at 755. Among the relevant circumstances to be considered are whether the investigation has focused on the suspect and whether the police have probable cause to arrest him prior to questioning. While focus of the investigation upon the defendant, standing alone, will not trigger the application of the *Miranda* rule, it is an important factor in determining whether the defendant was subjected to custodial interrogation. *State v. Patterson, supra* at 361, 581 P.2d at 755; *State v. Kalai, supra* at 369, 537 P.2d at 11. Probable cause to arrest is also not determinative, but it may play a significant role in the application of the *Miranda* rule. *State v. Patterson, supra* at 361, 581 P.2d at 755; *People v. Diego,* 121 Cal. App.3d 777, 175 Cal. Rptr. 553, 555-56 (1981).

We note that application of the *Miranda* rule is limited. It does not preclude the police, in the exercise of their investigatory duties

---

[3] In Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980), the Supreme Court defined "interrogation," as used in a *Miranda* context, as "express questioning or its functional equivalent." Since defendant was subjected to express questioning, he was "interrogated" within the meaning of *Miranda.*

or functions, from making general on-the-scene inquiries as to facts surrounding a crime or other general questions in the fact-finding process. *State v. Patterson, supra* at 361-62, 581 P.2d at 755. In *State v. Patterson, supra,* we approved of the California Supreme Court's delineation in *People v. Manis,* 268 Cal. App.2d 653, 74 Cal. Rptr. 423 (1969), of the outer parameters beyond which on-the-scene interviews may not proceed without *Miranda* warnings. In *Manis* the court stated:

> [P]ersons temporarily detained for brief questioning by police officers who lack probable cause to make an arrest or bring an accusation need not be warned about incrimination and their right to counsel, until such time as the point of arrest or accusation has been reached or the questioning has ceased to be brief and casual and become sustained and coercive (footnote omitted).

*Id.* at 669, 74 Cal. Rptr. at 433.

In the instant case, the officer knew that the jogger had been struck by a pickup truck with two occupants and also knew the vehicle's license number and its description. After obtaining the name and address of defendant, who was the vehicle's registered owner, the officer proceeded to defendant's address, and he waited for the defendant. Upon defendant's arrival, the officer noticed that the truck met the description given to him and was occupied by two persons. On the basis of the officer's knowledge and observation, we conclude that the investigation had focused upon the defendant; and that, after defendant admitted his participation in the accident, the police had probable cause to arrest.[4]

Inasmuch as the totality of circumstances created the kind of coercive atmosphere that *Miranda* warnings were designed to prevent, custody attached and *Miranda* warnings were required. Based upon our analysis, the defendant's answer to the first question was admissible while his answer to the second was not.

---

[4] At that point in time, the officer had reasonable grounds to believe, from facts and circumstances personally known to him, or of which he had trustworthy information, that the person arrested has committed or is committing an offense. State v. Lloyd, 61 Haw. 505, 606 P.2d 913 (1980).

## II.

We now turn to the State's assertion that the trial court erred in dismissing the indictment on the grounds that HRS § 291C-14[5] violated defendant's privilege against compulsory self-incrimination.

In *California v. Byers,* 402 U.S. 424 (1971), the Supreme Court rejected a similar challenge to a "hit-and-run" statute brought under the fifth amendment to the United States Constitution. The rationale of the decision was twofold. First, the privilege may be invoked only where the compelled disclosures will confront the claimant with "substantial hazards of self-incrimination." The court found this requirement lacking because the purpose of the California statute was noncriminal, the statute was directed at all drivers in California, and the disclosures with respect to automobile accidents did not involve a sufficiently substantial risk of self-incrimination. Second, the behavior prescribed by the statute was not testimonial in the fifth amendment sense.

State courts have also upheld the validity of "hit-and-run" statutes against claims of self-incrimination. *See People v. Samuel,* 29 N.Y.2d 252, 327 N.Y.S.2d 321, 277 N.E.2d 381 (1971); *State v. Smyth,* _____ R.I. _____, 397 A.2d 497 (1979); *Banks v. Commonwealth,* 217 Va.

---

[5] [§ 291C-14] *Duty to give information and render aid.* (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving, and shall upon request and if available exhibit his license or permit to drive to any person injured in the accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give such information and upon request exhibit such license or permit to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance, including the carrying, or the making of arrangements for the càrrying, of the person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary, or if such carrying is requested by the injured person.

(b) In the event that none of the persons specified is in condition to receive the information to which they otherwise would be entitled under subsection (a), and no police officer is present, the driver of any vehicle involved in the accident after fulfilling all other requirements of section 291C-12 and subsection (a) of this section, insofar as possible on his part to be performed, shall forthwith report the accident to the nearest police officer and submit thereto the information specified in subsection (a).

527, 230 S.E.2d 256 (1976); *State v. Engstrom,* 79 Wash.2d 469, 487 P.2d 205 (1971).

HRS § 291-C-14, like the statute examined in *Byers,* does not confront individuals with "substantial hazards of self-incrimination." The statute is essentially regulatory and not criminal,[6] it is directed at all drivers in Hawaii, and disclosures with respect to automobile accidents do not entail a substantial risk of self-incrimination.[7]

In addition, disclosure of the driver's name, address, and the vehicle's registration number does not constitute self-incriminating testimony. *California v. Byers, supra* at 431-34.

Defendant cites *Marchetti v. United States,* 390 U.S. 39 (1968); *Albertson v. SACB,* 382 U.S. 70 (1965); *Grosso v. United States,* 390 U.S. 62 (1968); and *Haynes v. United States,* 390 U.S. 85 (1968) in support of his position.

As the court found in *Byers,* these cases are inapposite to a case involving a "hit-and-run" statute because,

> [i]n all of these cases the disclosures condemned were only those extracted from a "highly selective group inherently suspect of criminal activities" and the privilege was applied only in "an area permeated with criminal statutes" — not in "an essentially noncriminal and regulatory area of inquiry." (Citations omitted.)

*California v. Byers, supra* at 430.[8]

Thus, we conclude that HRS § 291C-14 did not violate defendant's privilege against self-incrimination.

Affirmed in part, reversed in part, and remanded for action consistent with this opinion.

---

[6] The Senate and House Committees on Judiciary reported, "[t]he purpose of this bill [of which HRS § 291C-14 is a part] is to provide some uniformity in traffic regulation in the State." S. Stand. Comm. Rep. No. 685, 6th Haw. Leg., 1st Sess., *reprinted in* Senate Journal 1102 (1971); H. Stand. Comm. Rep. No. 157, 6th Haw. Leg., 1st Sess., *reprinted in* House Journal 742 (1971).

[7] Although the statute involved in Byers, Cal. Vehicle Code § 20002(a)(1) (Supp. 1971), differs in some respects from HRS § 291C-14, we find these differences are insignificant.

[8] Defendant also cites Leary v. United States, 395 U.S. 6 (1969), which adopted the principles of Marchetti v. United States, *supra,* and sustained the assertion of the fifth amendment as a defense to certain provisions of the Marihuana Tax Act. It is inapposite for the same reasons as Marchetti.

*Arthur E. Ross,* Deputy Prosecuting Attorney, for plaintiff-appellant.

*Edwin Y. C. Lum,* Deputy Public Defender, for defendant-appellee.