10 P.3d 728

**STATE of Hawai'i, Plaintiff–
Appellant–Petitioner,**

v.

**Nathan Ah LOO, Defendant–
Appellee–Respondent.**

No. 22467.

Supreme Court of Hawai'i.

Sept. 27, 2000.

Reconsideration Denied Oct. 26, 2000.

208

Tracy Murakami (Deputy Prosecuting Attorney) for the plaintiff-appellant-petitioner State of Hawai'i on the writ.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

Opinion of the Court by LEVINSON, J.

The plaintiff-appellant-petitioner State of Hawai'i ("the prosecution") has applied for a writ of certiorari to review the published opinion of the Intermediate Court of Appeals (ICA) in *State v. Ah Loo*, 94 Hawai'i 201, 9 P.3d 513 (Ct.App.2000) [hereinafter, "the ICA's opinion"]. The ICA's opinion affirmed the order of the district court of the fifth circuit, filed on April 14, 1999, which granted the defendant-appellee-respondent Nathan Ah Loo's motion to suppress a statement

that he made to a police officer regarding his age.

We granted certiorari in order to make it clear that, although a person may be "seized" within the meaning of article I, section 7 of the Hawai'i Constitution,[1] the seizure does not, as a *per se* matter, render the person "in custody" for purposes of applying article I, section 10 of the Hawai'i Constitution.[2] Rather, a "seized" person is not "in custody," such that police "interrogation" may not permissibly be conducted in the absence of the warnings mandated by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), *see supra* note 2, "until such time as the point of arrest or accusation has been reached or the questioning has ceased to be brief and casual and become sustained and coercive." *State v. Hoffman*, 73 Haw. 41, 54, 828 P.2d 805, 813 (1992) (quoting *State v. Melemai*, 64 Haw. 479, 482, 643 P.2d 541, 544 (1982)); *State v. Patterson*, 59 Haw. 357, 363, 581 P.2d 752, 756 (1978). Because the totality of the circumstances surrounding Ah Loo's "interrogation" in this case establish that, although lawfully "seized" within the meaning of article I, section 7, Ah Loo was not "in custody" at the time he responded to a police officer's inquiry regarding his age, we hold that the officer was not required to "Mirandize" Ah Loo before asking him the question. Accordingly, we reverse the ICA's opinion, vacate the district court's order, and remand the matter to the district court for further proceedings consistent with this opinion.

## I.  BACKGROUND

On February 6, 1998, at approximately 11:50 p.m., Kaua'i Police Department (KPD)

1. Article I, section 7 of the Hawai'i Constitution (1978) provides in relevant part that "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures ... shall not be violated[.]"

2. Article I, section 10 of the Hawai'i Constitution (1982) provides in relevant part that "[n]o person shall ... be compelled in any criminal case to be a witness against oneself." We have held that this section—akin to its federal counterpart, the fifth amendment to the United States Constitution—forecloses the prosecution from introducing a defendant's statements into evidence that were obtained through "custodial interrogation,"

unless, prior to making the statement, the defendant was warned that he or she had a right to remain silent, that anything said could be used against him or her, that he or she had a right to the presence of an attorney, and that an attorney would be appointed for him or her if he or she could not afford one. *See State v. Kane*, 87 Hawai'i 71, 78, 951 P.2d 934, 941 (1998); *State v. Hoey*, 77 Hawai'i 17, 32–33, 881 P.2d 504, 519–20 (1994); *State v. Nelson*, 69 Haw. 461, 467, 748 P.2d 365, 369 (1987); *State v. Santiago*, 53 Haw. 254, 262–67, 492 P.2d 657, 662–65 (1971); *Miranda v. Arizona*, 384 U.S. 436, 444–45, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Officer Sherwin Perez observed Ah Loo, along with six or seven other people, congregated around the bed of a pickup truck that was parked adjacent to a golf course. **Transcript of Proceeding 2/26/99 (Tr.) at 4–6.** Ah Loo appeared to Officer Perez to be under the age of twenty-one. *Id.* **at 5, 9.** Officer Perez observed Ah Loo holding an open beer can. *Id.* **at 6.**

Two other KPD officers accompanied Officer Perez; all three were patrolling the area in an unmarked police vehicle. *Id.* **at 9.** The officers detained the group for the purpose of ascertaining each person's age. *Id.* **at 10.** Officer Perez, without first advising Ah Loo of his *Miranda* rights, *see supra* note 2, asked Ah Loo for identification; when he refused to produce any, Officer Perez asked Ah Loo his name, age, and place of residence. *Id.* **at 6–7, 11.** Ah Loo responded, *inter alia,* that he was eighteen. *Id.* **at 7.** Consequently, Officer Perez issued Ah Loo a citation for violating Hawai'i Revised Statutes (HRS) § 281–101.5 (1993), which, among other things, prohibits any person below the age of twenty-one from possessing liquor in a public place.[3] **Tr. at 7, 11.**

The district court granted Ah Loo's pretrial motion to suppress his statement to Officer Perez regarding his age on the ground that it had been obtained in violation of the constitutional right against self-incrimination, *see supra* note 2, as well as the right to the assistance of counsel,[4] insofar as Officer Perez had not "Mirandized" Ah Loo before questioning him. **Record on Appeal (RA) at 29–32.** The ICA's opinion affirmed the district court's order. The prosecution timely applied to this court for a writ of certiorari.

## II.  STANDARDS OF REVIEW

### A.  Constitutional Law

■ We review questions of constitutional law *de novo,* under the "right/wrong" standard, and, thus, "exercise our own independent constitutional judgment[,] based on the facts of the case[,]" to answer questions of constitutional law. *State v. Jenkins,* 93 Hawai'i 87, 100, 997 P.2d 13, 26 (2000) (citations omitted).

### B.  Conclusions Of Law

■ Similarly, we review a trial court's conclusions of law *de novo,* under the right/wrong standard of review. *Leslie v. Estate of Tavares,* 91 Hawai'i 394, 399, 984 P.2d 1220, 1225 (1999) (citations omitted).

## III.  DISCUSSION

In its opinion, the ICA held in relevant part that a person "who has been seized is in custody." ICA's opinion at 203, 9 P.3d at 515 (quoting *State v. Blackshire,* 10 Haw.App. 123, 135, 861 P.2d 736, 742 (App.), *cert. denied,* 75 Haw. 581, 863 P.2d 989 (1993) (internal quotation marks omitted)). From this premise, the ICA reasoned that, inasmuch as Ah Loo was "seized" within the meaning of article 1, section 7, *see, e.g., State v. Trainor,* 83 Hawai'i 250, 256, 925 P.2d 818, 824 (1996) ("a person is 'seized' in the constitutional sense if, from an objective standpoint and given the totality of the circumstances, a reasonable person would have believed that he or she was not free to leave"); *State v. Kearns,* 75 Haw. 558, 567, 867 P.2d 903, 907 (1994) ("a person is seized, for purposes of article I, section 7 of the Hawai'i Constitution, when a police officer approaches that person for the express or implied purpose of investigating him or her for possible criminal

---

**3.**  At the time of the alleged offense, HRS § 281–101.5(b) provided in relevant part that "[n]o minor ... shall have liquor in the minor's possession or custody in any motor vehicle on a public highway or in any public place, public gathering, or public amusement or at any public beach or public park[.]" A "minor" is defined as "any person below the age of twenty-one years." HRS § 281–1, ·(1993). The 1999 legislature amended HRS § 281–101.5 in respects immaterial to the present matter. *See* HRS § 281–101.5 (Supp.1999).

**4.**  Article I, section 14 of the Hawai'i Constitution (1978) provides in relevant part that, "[i]n all criminal prosecutions, the accused shall have the right ... to have the assistance of counsel for the accused's defense" and that "[t]he State shall provide counsel for an indigent defendant charged with an offense punishable by imprisonment." Informing a suspect of both rights before subjecting him or her to custodial interrogation is required by *Miranda* and its progeny, *see supra* note 2.

violations and begins to ask for information"), he was "in custody" for purposes of triggering the procedural safeguards—*i.e.,* the *Miranda* warnings—mandated by article I, section 10, *see supra* note 2, preconditioning any custodial interrogation. ICA's opinion at 203 – 04, 9 P.3d at 515 – 16. Accordingly, the ICA concluded that, because Officer Perez did not "Mirandize" Ah Loo, Ah Loo's statement disclosing his age was unlawfully obtained and inadmissible at trial. *Id.* at 204, 9 P.3d at 516. The ICA's premise—to wit, that "seizure" and "custody" are synonymous—is wrong.

▪ Central to the protection afforded by article I, section 10 is the principle that a police officer may not undermine a person's privilege against compelled self-incrimination by subjugating his or her will to that of examining police officer. *See State v. Kuba,* 68 Haw. 184, 189, 706 P.2d 1305, 1309 (1985). Absent *Miranda* warnings and a valid waiver of them, statements obtained from a person subjected to uncounseled custodial interrogation are inadmissible in a subsequent criminal proceeding brought against that person. *See State v. Hoey,* 77 Hawai'i 17, 32–33, 881 P.2d 504, 519–20 (1994).

However, the requirement of *Miranda* warnings is triggered by "[t]wo criteria": "(1) the defendant must be under interrogation; and (2) the defendant must be in custody." *State v. Kauhi,* 86 Hawai'i 195, 204, 948 P.2d 1036, 1045 (1997) (quoting *State v. Blanding,* 69 Haw. 583, 586, 752 P.2d 99, 100 (1988)). Inasmuch as Officer Perez subjected Ah Loo to "express questioning," he was "interrogated." *See Melemai,* 64 Haw. at 481 n. 3, 643 P.2d at 544 n. 3 (" 'interrogation,' as used in a *Miranda* context, [means] 'express questioning or its functional equivalent' " (quoting *Rhode Island v. Innis,* 446 U.S. 291, 300–01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980))). Thus, the outcome dispositive issue in the present appeal is whether Ah Loo was "in custody."

▪ To determine whether "interrogation" is "custodial," we look to the totality of the circumstances, focusing on "the place and time of the interrogation, the length of the interrogation, the nature of the questions asked, the conduct of the police, and [any]

other relevant circumstances[.]" *Melemai,* 64 Haw. at 481, 643 P.2d at 544 (quoting *State v. Sugimoto,* 62 Haw. 259, 265, 614 P.2d 386, 391 (1980)); *see also Hoffman,* 73 Haw. at 52, 828 P.2d at 812; *State v. Wyatt,* 67 Haw. 293, 299, 687 P.2d 544, 549 (1984); *Patterson,* 59 Haw. at 361, 581 P.2d at 755. In this regard, we have acknowledged that "[n]o precise line can be drawn" between "custodial interrogation," on the one hand, and "permissible general on-the-scene questioning," on the other. *Patterson,* 59 Haw. at 362, 581 P.2d at 755–56. Nevertheless, the following formulation has served as a useful guide:

> [P]ersons temporarily detained for brief questioning by police officers who lack probable cause to make an arrest or bring an accusation need not be warned about incrimination and their right to counsel, until such time as the point of arrest or accusation has been reached or the questioning has ceased to be brief and casual and [has] become sustained and coercive (footnote omitted).

*Hoffman,* 73 Haw. at 54, 828 P.2d at 813 (quoting *Melemai,* 64 Haw. at 482, 643 P.2d at 544); *Patterson,* 59 Haw. at 362–63, 581 P.2d at 755–56 (quoting *People v. Manis,* 268 Cal.App.2d 653, 669, 74 Cal.Rptr. 423 (1969)). In other words, "whether the investigation has focused on the suspect and whether the police have probable cause to arrest him [or her] prior to questioning" are relevant considerations in determining whether a person is "in custody." *Melemai,* 64 Haw. at 481, 643 P.2d at 544; *see also Patterson,* 59 Haw. at 361–63, 581 P.2d at 755–56. However, if neither probable cause to arrest nor sustained and coercive interrogation are present, then questions posed by the police do not rise to the level of "custodial interrogation" requiring *Miranda* warnings. *See, e.g., Hoffman,* 73 Haw. at 55, 828 P.2d at 813 (defendant not subjected to custodial interrogation because police officer did not have probable cause to arrest defendant prior to questioning him); *Kuba,* 68 Haw. at 188–90, 706 P.2d at 1309–10 (no custodial interrogation where seizure of defendant was reasonable in order to investigate traffic violation, and investigating police officer engaged in

legitimate, straightforward, and noncoercive questioning necessary to establish basis for issuing traffic citation); *Wyatt*, 67 Haw. at 298–301, 687 P.2d at 549–550 (same); *Melemai*, 64 Haw. at 482, 643 P.2d at 544 ("custody" did not occur until after defendant's admission of culpability—uttered in response to police officer's question—gave officer probable cause to arrest); *Patterson*, 59 Haw. at 363–64, 581 P.2d at 756 (questioning not sustained and coercive custodial interrogation when conducted during temporary detention and obviously necessary under circumstances to assist police officers in determining whether (1) criminal activity was afoot, (2) police should arrest defendant, (3) police should investigate further, or (4) police should take no action against defendant).

In light of the foregoing, an individual may very well be "seized," within the meaning of article I, section 7 of the Hawai'i Constitution (inasmuch as, "given the totality of the circumstances, a reasonable person would have believed that he or she was not free to leave," *Trainor*, 83 Hawai'i at 256, 925 P.2d at 824), and yet not be "in custody," such that *Miranda* warnings are required as a precondition to any questioning. Thus, generally speaking, a person lawfully subjected to a temporary investigative detention by a police officer—who has a reasonable suspicion that is based on specific and articulable facts that criminal activity is afoot, *see*, *e.g.*, *State v. Melear*, 63 Haw. 488, 493, 630 P.2d 619, 624 (1981)—is not subjected to "custodial interrogation" when the officer poses noncoercive questions to the detained person that are designed to confirm or dispel the officer's reasonable suspicion. Indeed, "[i]t is the very purpose of [such an] investigatory stop to allow the officer to confirm or deny [his or her reasonable] suspicions by reasonable questioning, rather than forcing in each instance the 'all or nothing' choice between arrest and inaction." *Patterson*, 59 Haw. at 363, 581 P.2d at 756 (quoting *United States v. Hickman*, 523 F.2d 323, 327 (9th Cir.1975)); *see also State v. Pebria*, 85 Hawai'i 171, 174, 938 P.2d 1190, 1193 (App. 1997).

Given our analysis, we overrule *Blackshire* to the extent that it stands for the proposition that, as a *per se* matter, a person is "in custody" the moment he or she has been "seized." *See* 10 Haw.App. at 134–39, 861 P.2d at 742–44. In *Blackshire*, the ICA ruled, *inter alia*, that "[a] person who has been 'seized' or 'arrested' is, by definition, in 'custody.'" *Id.* at 135, 861 P.2d at 742. Culling from *State v. Quino* the principle that a "seizure" commences, "as a matter of law, once a police/person in-person encounter 'turn[s] from general to inquisitive questioning,'" the ICA determined that "a person is in custody when a *Quino* seizure occurs." *Blackshire*, 10 Haw.App. at 135, 861 P.2d at 742 (quoting *Quino*, 74 Haw. 161, 173, 840 P.2d 358, 364 (1992)) (brackets in original). The foregoing discussion establishes, however, that *Blackshire* was wrongly decided on this point, and the reliance placed upon it by the ICA and the district court in the present matter was therefore misplaced.

We now turn to the question whether Ah Loo was "in custody" at the time Officer Perez asked him his age. Prior to questioning Ah Loo, Officer Perez lacked probable cause to arrest him but had reasonable suspicion, predicated on the officer's experience and observation of Ah Loo's physical appearance, that he was below the age of twenty-one. Accordingly, Officer Perez did not run afoul of article I, section 7 when he briefly detained Ah Loo to conduct an investigative encounter for the purpose of confirming or dispelling his suspicion that Ah Loo was violating HRS § 281–101.5, *see supra* note 3, by possessing liquor in a public place. Officer Perez's inquiry regarding Ah Loo's age was a reasonable and noncoercive question designed to make the foregoing determination in as brief and nonintrusive manner as possible. Accordingly, when Officer Perez asked Ah Loo his age, the point of arrest or accusation had not been reached. Neither does the record support a conclusion that Officer Perez's questions—a total of three—regarding Ah Loo's name, age, and residential address were either "sustained" or "coercive" to such a degree as to subject Ah Loo to the officer's will.[5] Thus, Officer Perez's questions were

---

**5.** Indeed, Officer Perez testified that had Ah Loo

produced identification reflecting that he was

brief and casual and had not become sustained and coercive.[6]  Therefore, we hold that Ah Loo was not subjected to "custodial interrogation" at the time Officer Perez asked Ah Loo his age; it therefore follows that Ah Loo's answer—that he was eighteen—was not suppressible on the ground that it was obtained in violation of article I, section 10 of the Hawai'i Constitution.

■ In summary, we reaffirm the principle that, when an officer lawfully "seizes" a person in order to conduct an investigative stop, the officer is not required to inform that person of his or her *Miranda* rights before posing questions that are reasonably designed to confirm or dispel—as briefly as possible and without any coercive connotation by either word or conduct—the officer's reasonable suspicion that criminal activity is afoot.  *See, e.g., Hoffman*, 73 Haw. at 51–55, 828 P.2d at 811–13.  However, if the detained person's responses to a police officer's questions provide the officer with probable cause to arrest or, alternatively, if officer's questions become sustained and coercive (such

that the officer's questions are no longer reasonably designed to briefly confirm or dispel his or her reasonable suspicion), the officer is—at *that* time—required to inform the detained person of his or her constitutional rights against self-incrimination and to counsel, as mandated by *Miranda* and its progeny.[7]  *See, e.g., Melemai*, 64 Haw. at 481–82, 643 P.2d at 543–44.

## IV. CONCLUSION

In light of the foregoing, we reverse the ICA's opinion, vacate the district court's order granting Ah Loo's motion to suppress, and remand the matter to the district court for further proceedings consistent with this opinion.

---

twenty-one years of age or, alternatively, had the officer been unable to ascertain Ah Loo's age, he would not have arrested Ah Loo.  **Tr. at 12.**

**6.** In this regard, the district court's conclusion of law that Ah Loo was "subjected to the will of the officer" was "wrong."

**7.** We note that Ah Loo's motion to suppress fails under federal law as well.  *See, e.g., Pennsylvania v. Bruder*, 488 U.S. 9, 10, 109 S.Ct. 205, 102 L.Ed.2d 172 (1988) (reaffirming holding of *Ber-*

*kemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), that persons temporarily detained pursuant to a traffic stop are not "in custody" for the purposes of *Miranda*, despite being unquestionably "seized" within the meaning of the fourth amendment to the United States Constitution, because the person's "freedom of action [was not] curtailed to 'a degree associated with formal arrest' " (quoting *Berkemer*, 468 U.S. at 440, 104 S.Ct. 3138)).