**Electronically Filed
Supreme Court
SCWC-19-0000465
02-NOV-2022
10:16 AM
Dkt. 17 SO**

SCWC-19-0000465

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I, Petitioner/Plaintiff-Appellant,

vs.

MICAH S.K. VASCONCELLOS, Respondent/Defendant-Appellee.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-19-0000465; CASE NO. 1DTA-18-02776)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, and
Circuit Judge Wong, assigned by reason of vacancy,
with McKenna, J., dissenting, and Wilson, J., dissenting)

## I. INTRODUCTION

Petitioner/Plaintiff-Appellant State of Hawai'i (State) filed a timely application for a writ of certiorari from the July 2, 2020 judgment on appeal of the Intermediate Court of Appeals (ICA) entered pursuant to the ICA's June 5, 2020 Summary Disposition Order (SDO), which affirmed the May 28, 2019

judgment of the District Court of the First Circuit.[1] The district court's judgment granted Respondent/Defendant-Appellee Micah S.K. Vasconcellos's Motion to Suppress Statements after finding that Vasconcellos was subject to custodial interrogation without being given Miranda warnings.

Under our decision in State v. Sagapolutele-Silva, 151 Hawai'i 283, 511 P.3d 782 (2022), and for reasons set forth therein, Vasconcellos was not in custody at the time he was asked the medical rule-out questions because the circumstances of his stop did not rise to that of a formal arrest. In holding otherwise, the ICA erred.

## II. BACKGROUND

Vasconcellos was stopped by a Honolulu Police Department (HPD) officer for Reckless Driving after turning left from a straight-only lane and almost hitting a pedestrian. During the encounter, Vasconcellos acknowledged that he had seen the pedestrian but asserted that he had stopped for and/or swerved around the pedestrian. The officer disagreed. While speaking to Vasconcellos, the officer noticed indicia of intoxication and asked Vasconcellos to exit his vehicle and participate in a Standardized Field Sobriety Test ("SFST");

---

[1] The Honorable Summer M.M. Kupau-Odo presided.

Vasconcellos consented.  The officer then asked Vasconcellos the medical rule-out questions and Vasconcellos answered "no" to each.

Vasconcellos was arrested and charged with Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of Hawai'i Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2018)[2] and Reckless Driving in violation of HRS § 291-2 (2007)[3].  As relevant here, Vasconcellos moved to suppress his answers to the medical rule-out questions.[4]  The district court ruled that Vasconcellos was in custody at the time these

---

[2]     HRS 291E-61(a)(1) provides in relevant part:

> (a)   A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
> (1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[3]     HRS § 291-2 provides: "Whoever operates any vehicle . . . recklessly in disregard of the safety of persons or property is guilty of reckless driving of vehicle . . . and shall be fined not more than $1,000 or imprisoned not more than thirty days, or both."

[4]     Vasconcellos's motion to suppress also sought to suppress all of his statements subsequent to the traffic stop.  The district court granted this motion in full.  On appeal, the ICA only affirmed the district court's suppression of Vasconcellos's answers to the medical rule-out questions while vacating the district court's suppression of Vasconcellos's other statements, including Vasconcellos's statements after being told the reasons for the investigatory stop and being asked to participate in the field sobriety test, and Vasconcellos's performance on the field sobriety test.
     In its application for certiorari, the State challenges the district court's suppression of Vasconcellos's answers to the medical rule-out questions.  Vasconcellos did not file an application for certiorari.  Accordingly, this order does not address the suppression of Vasconcellos's other statements.

questions were asked, and the ICA affirmed that finding. The ICA acknowledged that the test for determining whether a suspect is in custody requires consideration of the totality of the circumstances, but emphasized the existence of probable cause to arrest Vasconcellos for Reckless Driving. State v. Vasconcellos, 147 Hawai'i 145, 464 P.3d 933, 2020 WL 3027399, at *4 (App. June 5, 2020) (SDO). The ICA also held that the medical rule-out questions constituted interrogation. Id. at *5.

## A. District Court Suppression Proceedings

On May 28, 2019, the district court held a hearing on Vasconcellos's motion to suppress. After hearing testimony from the State's sole witness, HPD Officer Ross Borges, the district court found that "there was custodial interrogation at the point of Officer Borges's stop of Mr. Vasconcellos's vehicle," and entered a written order granting Vasconcellos's motion to suppress.

First, on the issue of custody, the court held that because Officer Borges saw Vasconcellos "almost killing a pedestrian . . . . there was definitely probable cause for a reckless driving arrest." Further, "once the vehicle was stopped and Officer Borges observed the defendant's bloodshot eyes, slurred speech, and the odor of alcohol, he also had

4

probable cause to arrest the defendant for OVUII." The district court noted that Officer Borges "even testified that once he stopped the vehicle, Mr. Vasconcellos was not free to leave." Accordingly, Vasconcellos was "definitely in custody for Miranda purposes."

Second, the district court found that Vasconcellos was interrogated from the moment that he was pulled over. The court suppressed all of Vasconcellos's statements, including his response to why he was being stopped and whether he wished to participate in the SFST.[5]

The State appealed.

## B. ICA Proceedings

The State raised one point of error to the ICA: "The district court erred in concluding that Vasconcellos was in custody as soon as Officer Borges stopped him or alternatively as soon as Officer Borges observed Vasconcellos' indicia of intoxication and erred in suppressing all statements made by Vasconcellos and evidence of Vasconcellos' performance on the SFST." The State did not specifically challenge the district

---

[5] In addition, the district court found that the SFST would not have been administered if Vasconcellos had not answered the medical rule-out questions, and therefore Vasconcellos's performance on the SFST was fruit of the poisonous tree and should be suppressed. The ICA vacated this holding, and it is not at issue here.

court's finding that the medical rule-out questions were interrogation.

The ICA affirmed the district court in part, holding that Vasconcellos's answers to the medical rule-out questions were properly suppressed. Id. at *6. However, the ICA vacated the district court's order as to Vasconcellos's other statements, including the results of the SFST, after finding they were not the product of custodial interrogation. Id.

The ICA held that when Vasconcellos told Officer Borges that he had seen the pedestrian and stopped and/or swerved around her — demonstrating he had seen her and was subjectively aware of the risk of hitting her — Officer Borges acquired probable cause to arrest Vasconcellos for Reckless Driving – even though there was not probable cause for an OUVII arrest. Id. Accordingly, the ICA agreed with the district court that Vasconcellos was in custody and "Miranda warnings were warranted prior to any interrogation." Id. at *5.

The ICA also agreed with the district court that the medical rule-out questions amounted to interrogation. Id. (quoting State v. Sagapolutele-Silva, 147 Hawai'i 92, 102, 464 P.3d 880, 890 (App. 2020)). Thus, the ICA affirmed the district court's suppression of Vasconcellos's responses to the medical rule-out questions because "Vasconcellos was subjected to a

6

custodial interrogation without having first been given <u>Miranda</u> warnings." <u>Id.</u> at *6.

The State filed a timely application for certiorari.

## C.    Application for Writ of Certiorari

The State raises the issues of custody and interrogation in its application for certiorari:

> 1. Whether the ICA gravely erred in holding that Respond[e]nt-Defendant-Appellee, Micah Vasconcellos (Vasconcellos) was in custody as soon as Honolulu Police Department (HPD) Officer Ross Borges pulled him over.
>
> 2. Whether the ICA gravely erred in holding that the medical rule-out questions asked as part of the Standard Field Sobriety Test (SFST) are interrogation.
>
> 3. Whether the ICA gravely erred in suppressing Vasconcellos' answers to the medical rule-out questions.

Vasconcellos did not file a response.

### III. DISCUSSION

In our recent decision in <u>Sagapolutele-Silva</u>, we held that whether or not a defendant is "in custody" requires "objectively appraising the totality of the circumstances." 151 Hawai'i at 299, 511 P.3d at 798 (citing <u>State v. Melemai</u>, 64 Haw. 479, 481, 643 P.2d, 541, 544 (1982)). There, we explained that the court looks for "any . . . event[s] or condition[s] that betoken[] a significant deprivation of freedom, 'such that an innocent person could reasonably have believed that he or she was not free to go and that he or she was being taken into

7

custody indefinitely.'" Id. (alterations in original) (citing State v. Ketchum, 97 Hawaiʻi 107, 125, 34 P.3d 1006, 1024 (2001)).

A temporary investigative detention such as a traffic stop is assessed under a totality of the circumstances analysis. See Sagapolutele-Silva, 151 Hawaiʻi at 299, 511 P.3d at 798 (citing State v. Ah Loo, 94 Hawaiʻi 207, 211, 10 P.3d 728, 732 (2000)). In considering whether a temporary detention has "morphed into an arrest," this court looks for factors traditionally associated with arrest, such as "handcuffing, leading the detainee to a different location, subjecting him or her to booking procedures, ordering his or her compliance with an officer's directives, using force, or displaying a show of authority beyond that inherent in the mere presence of a police officer." Id. at 299, 511 P.3d at 798 (quoting Ketchum, 97 Hawaiʻi at 125, 34 P.3d at 1024). Relevant factors include: "the time, place and length of the interrogation, the nature of the questions asked, and the conduct of the police at the time of the interrogation," id. at 299, 511 P.3d at 798 (quoting State v. Paahana, 66 Haw. 499, 503, 666 P.2d 592, 595 (1983)), as well as "whether the investigation has focused on the suspect and whether the police have probable cause to arrest him prior to questioning." Melemai, 64 Haw. at 481, 643 P.2d at 544.

8

Here, the totality of the circumstances show that Vasconcellos was not in custody. Although the district court acknowledged Officer Borges's testimony that Vasconcellos "was not free to leave," the district court made no finding that Vasconcellos's freedom of movement had been curtailed to a "degree associated with formal arrest." Berkemer v. McCarty, 468 U.S. 420, 440 (1984). Indeed, the record did not establish that his freedom had been limited to that extent. Vasconcellos was not told he was being arrested; he was not handcuffed or taken to the police station; there were, at most, two officers present during the traffic stop; and Officer Borges did not use physical force or display "a show of authority beyond that inherent in the mere presence of a police officer." Ketchum, 97 Hawai'i at 125, 34 P.3d at 1024; see State v. Patterson, 59 Haw. 357, 363-64, 581 P.2d 752, 756 (1978) (finding no custody where, inter alia, "[n]o guns were drawn and kept upon the defendant"). Although Officer Borges asked Vasconcellos to step out of his car and over to the sidewalk, that alone is insufficient to turn the traffic stop into a custodial arrest. See Kernan v. Tanaka, 75 Haw. 1, 38, 856 P.2d 1207, 1226 (1993) ("Ordering the driver to exit the vehicle is an extension of the [temporary investigative] seizure that must be accompanied by sufficient facts to support the officer's action.").

9

Thus, under a totality of the circumstances analysis, Vasconcellos was not in custody at the time Officer Borges asked the medical rule-out questions, and <u>Miranda</u> warnings were not required.[6]

## IV. CONCLUSION

For the foregoing reasons, the ICA erred in affirming the district court's suppression of Vasconcellos's responses to the medical rule-out questions. The ICA's July 2, 2020 judgment on appeal and the district court's May 28, 2019 judgment are vacated as to the suppression of those responses. In all other respects, the judgment of the ICA is affirmed. This case is remanded to the district court for further proceedings consistent with this order.

DATED: Honolulu, Hawai'i, November 2 2022.

Brian R. Vincent,                    /s/ Mark E. Recktenwald
for petitioner

                                     /s/ Paula A. Nakayama
Alen M. Kaneshiro,
for respondent                       /s/ Paul B.K. Wong



---

[6]     Given that Vasconcellos was not in custody, we need not reach the question of interrogation to conclude that <u>Miranda</u> warnings were not required.