IMPERIAL FINANCE CORPORATION, Plaintiff-Appellant, *v.* FINANCE FACTORS, LTD., Defendant-Appellee

No. 5103

November 17, 1971

RICHARDSON, C.J., ABE, LEVINSON and KOBAYASHI, JJ., and CIRCUIT JUDGE LANHAM in place of MARUMOTO, J., Disqualified

OPINION OF THE COURT BY KOBAYASHI, J.

This appeal comes from the decision of the trial court that appellee, Finance Factors, Ltd., did not breach a fiduciary duty owed appellant, Imperial Finance Corporation, in securing an attachment bond on certain property for appellant.

This case was tried by the trial court without a jury. The facts are essentially as follows:

In January, 1967, an officer of appellant, Arthur Muraoka, acting on behalf of appellant, reached an agreement with Richard Kuga, a special representative in the insurance division of appellee, with regard to obtaining an attachment bond. The bond was to issue against real property owned by Alice Chong, who was indebted to appellant. Muraoka requested and Kuga agreed that information as to the attachment be kept confidential because an employee of one of appellee's subsidiaries was the son-in-law of Mrs. Chong.

Simultaneously with or immediately subsequent to the acts above, Mrs. Chong went to appellee's loan offices to obtain a loan. Appellee's loan division, unaware of appellant's application for an attachment bond, approved the loan, took as security a mortgage on the same Chong property and duly recorded the mortgage.

Within a matter of a few days thereafter appellant, unaware of appellee's loan to Mrs. Chong and of appellee's taking as security a mortgage on the Chong property, perfected its attachment on the same property. Subsequently appellee foreclosed on its mortgage and the property was sold at a judicial sale. Because appellant's attachment was subordinate to appellee's mortgage, the proceeds from the sale went first to satisfy the amount owed appellee with the balance going to appellant. Consequently appellant suffered a loss amounting to the difference between the balance re-

maining of the judicial sale and the amount of its attachment.

## ISSUE

We find merit in appellant's argument that an agency relationship existed between appellant and appellee. It is, however, not necessary to specifically decide that issue. Whether appellee's duty to appellant arose out of a fiduciary relationship, as is argued at length by appellant, or stemmed from a general contractual obligation, it is sufficient for purposes of this appeal to assume that when appellant requested appellee's employee, Kuga, to obtain an attachment bond and such request was accepted, a duty was created in appellee to perform effectively in accordance with their agreement. The question is whether that duty was breached when appellee itself obtained a superior mortgage on the same property. Incident to considering said question we must first resolve the issue of whether the knowledge Kuga had of the attachment bond should be imputed to appellee, regardless of how the duty owed appellant by appellee is characterized. In deciding this issue the effect given to appellant's request of confidentiality becomes determinative.

### IMPUTING KNOWLEDGE OF AGENT TO PRINCIPAL

The duty of an agent to give information to his principal is set forth in RESTATEMENT (SECOND) OF AGENCY § 381 (1958): "Unless otherwise agreed, an agent is subject to a duty to use reasonable efforts to give his principal information which is relevant to affairs entrusted to him and which, as the agent has notice, the principal would desire to have and which can be communicated without violating a superior duty to a third person." An exception to this rule concerns the disclosure of confidential information and provides that an agent is not to communicate to the principal any information, the disclosure of which would be a breach of duty to a third person. RESTATEMENT (SECOND) OF AGENCY § 381, comment e at 184 (1958). This provision is

in accord with § 281 which provides essentially that "where an agent's duties to others prevent him from disclosing facts to the principal, the latter is not bound because of the agent's knowledge." RESTATEMENT (SECOND) OF AGENCY § 281, Reporters Notes at 483 (1958).

The rationale for the rule that imputes an agent's knowledge to his principal and exceptions to that rule have been aptly stated in *Sands v. Eagle Oil and Refining Co.*, 188 P.2d 782, 786, 83 Cal. App. 2d 312, 319-20 (1948):

It is true that in general the knowledge of an agent which he is under a duty to disclose to his principal or to another agent of the principal, is to be imputed to the principal. Rest. Agency, sec. 275; Herzog v. Capital Co., 27 Cal.2d 349, 353, 164 P.2d 8; Civil Code, sec. 2332. However this rule is not without exceptions pertinent to this case. One is that if the agent and the third party act in collusion against the principal the principal will not be held bound by the knowledge of the agent. First Nat. Bank of Reedley v. Reed, 198 Cal. 252, 259, 244 P. 368. *Another excludes application of the general rule when the third party knows that the agent will not advise the principal.* Mutual Life Ins. Co. of New York v. Hilton-Green, 241 U.S. 613, 622, 36 S.Ct. 676, 680, 60 L.Ed. 1202, 1211 where it is said: "The general rule which imputes an agent's knowledge to the principal is well established. The underlying reason for it is that an innocent third party may properly presume the agent will perform his duty and report all facts which affect the principal's interest. But this general rule does not apply when the third party knows there is no foundation for the ordinary presumption,—when he is acquainted with circumstances plainly indicating that the agent will not advise his principal. The rule is intended to protect those who exercise good faith, and not as a shield for unfair dealings. (Citations.)" (Emphasis added.)

## THE REQUEST OF CONFIDENTIALITY

An exception to the general rule imputing knowledge from the agent to the principal is most frequently applied when either the agent is acting to defraud the principal, the agent and a third party have acted together in collusion against the principal, or the agent acquires confidential information, creating a duty not to disclose such information to his principal. In applying the facts of this case to the principles of law in this area as cited above, an exception is applicable to the general rule.

Muraoka, acting on behalf of appellant, had definite reason to know that Kuga would not be relaying the information about the attachment bond on to the other divisions of his corporate principal. Muraoka had specifically requested that Kuga not disclose the information because he knew that a relative of Chong's was an officer of appellee corporation and Muraoka did not want Chong to learn about the pending attachment bond prior to its being perfected. In relation to this issue the trial court found that Muraoka "asked Mr. Kuga to keep the information confidential and not to disclose it to other persons at Finance Factors because an employee of one of the Finance Factors subsidiaries was the son-in-law of Mrs. Chong. Mr. Kuga agreed to keep the information confidential and volunteered that he would not even keep a file on the matter in his office. Mr. Kuga did not disclose the confidential information to anyone, except, perhaps, his immediate superior, Robert Doane, which disclosure, if it occurred, came some time after the attachment bond had been issued." The trial court had sufficient testimony from the parties involved to make this determination. As such, we cannot hold that that finding was clearly erroneous. Where there is substantial evidence to support the finding of a trial court that finding cannot be set aside. *Lennen & Newell, Inc. v. Clark Enterprises, Inc.*, 51 Haw. 233, 235, 456 P.2d 231, 233 (1969); *Low v. Honolulu Rapid Transit Co.*, 50 Haw. 582, 586, 445 P.2d 372, 376 (1968).

Muraoka could have gone to another concern to obtain the attachment bond but instead he went to Kuga, appellee's agent, who agreed to keep it confidential, thus creating a duty for him to do so. As such, appellant is estopped from presently asserting that knowledge of the attachment bond should be imputed to appellee. Muraoka's request of confidentiality nullifies any knowledge about the attachment bond that would otherwise be imputed to appellee.

Therefore, even if there did exist an agency relationship, appellee violated no duty, fiduciary or otherwise, when it secured the mortgage lien that turned out to have priority over appellant's attachment bond on the Chong property.

Judgment affirmed.

*Frank D. Padgett (Padgett, Greeley, Marumoto & Akinaka* of counsel) for plaintiff-appellant.

*Carroll S. Taylor (William H. Dodd* with him on the brief; *Chun, Kerr & Dodd* of counsel) for defendant-appellee.