MPM HAWAIIAN, INC., Plaintiff and Third-Party Plaintiff-Appellant, *v.* AMIGOS, INC., DAVID Y. S. KONG, KEVIN B. McCLORY and JEANNE M. GUERIN, Defendants-Appellees, and RMT-MAUI, INC., a Hawaii corporation, Third-Party Defendant-Appellee

NO. 6869

CIVIL NO. 2884

JUNE 23, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per Curiam.* This is an appeal by appellant MPM Hawaiian, Inc. (MPM) from an adverse judgment rendered against MPM by the circuit court in a bench trial. The trial involved a suit brought by MPM against appellees Amigos, Inc. (Amigos), David Y. S. Kong; Kevin B. McClory and Jeanne M. Guerin to enforce payment on a $34,000 promissory note payable to MPM, which was executed by Amigos as principal obligor and by the other parties as personal

guarantors. Amigos had purchased a business from MPM, and the note represented the balance of the purchase price.

After suit was filed, appellees claimed they were not liable on the note because there was a failure of consideration inasmuch as the lease covering the business premise which was assigned to them by MPM was defective, and they were entitled to damages. Thereupon MPM filed a third-party complaint against RMT-Maui, Inc. (RMT), MPM's predecessor in interest to the lease, claiming that if there were any wrongdoing in the lease, RMT was responsible as RMT had "leased" the premises to MPM.

For the purpose of this appeal, we review only the rulings of the lower court which held that all appellees were relieved of their obligation to pay on the note because there was a failure of consideration and there were misrepresentations made by the president of MPM, Ken Michael. The court found specifically that MPM had failed to perform its agreement with Amigos by (1) not providing a valid, enforceable assignment of lease, (2) not providing a lease of 16 years, (3) not providing a lease with four five-year options to extend, and (4) not providing a certificate of title. It also found that the failure of performance by MPM was material to the contract.

In addition, the court found that Michael made certain misrepresentations, either intentionally or negligently, concerning the terms of the lease, which induced Amigos and Kong to enter into the agreement.

The court refused to hold RMT liable to MPM; it found Michael to be the wrongdoer and not RMT.

The first three of appellant's points of error allege that the trial court made erroneous conclusions, which we assume to mean conclusions of law. We hold that the conclusions of law based upon findings of fact made by the trial court were not erroneous. A trial court's findings of fact will not be set aside unless clearly erroneous. Rule 52, Hawaii Rules of Civil Procedure. These findings are presumed to be correct, and appellant bears the burden of pointing out specifically where they were erroneous. *Associated Engineers & Contractors, Inc. v. State,* 58 Haw. 187, 567 P.2d 397 (1977). Where there is substantial evidence to support findings of the trial court, such findings cannot be set aside. *Imperial Finance Corp. v. Finance Factors, Ltd.,* 53 Haw. 203, 490 P.2d 662 (1971). Substantial evidence is credible evidence which is of sufficient quantity and probative value

to justify a reasonable man in reaching a conclusion. *Shinn v. Edwin Yee, Ltd.,* 57 Haw. 215, 553 P.2d 733 (1976). As to any conflict in the evidence, the weight and credibility of testimony is for the trial court to determine. *Molokoa Village Development Co. v. Kauai Electric Co.,* 60 Haw. 582, 593 P.2d 375 (1979).

Based upon the record, we do not find that the findings of fact made by the trial court were clearly erroneous. The trial court did not err when it denied a new trial or refused to alter or amend its judgment, findings of fact and conclusions of law.

There is sufficient evidence in the record for the court to conclude as a matter of law that appellant is not entitled to damages from RMT.

Appellant complains that hearsay statements were improperly admitted into evidence by the trial court.[1] No objection was made during trial as to their admission. A hearsay objection not raised or properly preserved in the trial court will not be considered on appeal. *Low v. Honolulu Rapid Transit Co.,* 50 Haw. 582, 445 P.2d 372 (1968).

Appellant's action was a suit on a promissory note. We hold that the trial court was correct in awarding attorney's fees under section 607-17, Hawaii Revised Statutes, and not under section 607-14 as appellant urges.

Affirmed.

*Reuben S. F. Wong (Robert K. Matsumoto* with him on the briefs, Law Offices of *Reuben S. F. Wong* of counsel) for plaintiff and third-party plaintiff-appellant.

*Richard L. Rost (Padgett & Rost* of counsel) for defendant-appellee David Y. S. Kong.

*Carleton B. Reid (Davis, Playdon & Gerson* of counsel) for third-party defendant-appellee RMT-Maui, Inc.

---

[1] Rule 3(b), Rules of the Supreme Court, requires of the Opening Brief, "[T]here shall be included a quotation of the grounds urged at the trial for the objection. . . ." Appellant's brief failed to comply with the requirement.