STATE OF HAWAII, Plaintiff-Appellee, *v.* ROMEO PACPACO UGANIZA, Defendant-Appellant

NO. 9503

(CRIMINAL NO. 56635)

JULY 17, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

## OPINION OF THE COURT BY LUM, C.J.

Defendant-Appellant Romeo Uganiza appeals the denial of a pre-trial motion to suppress his inculpatory statement made while in police custody and a conviction for Burglary in the First Degree in violation of HRS § 708-810(1)(c). As we conclude that the police violated the Defendant's asserted right to remain silent, we reverse the ruling of the trial court and the resulting conviction.

I.

Defendant was arrested on January 9, 1982 for breaking into a private residence and removing personal property He was taken into police custody and held without bail.

On the morning of January 10, 1982, Sergeant Roland Naauao went to the cellblock to check on Defendant's condition. The Defendant stated that he did not know why he was there and Naauao responded that he would return within an hour if Defendant wanted to talk.

An hour later, the cellblock turnkey informed Naauao that the Defendant did not wish to talk to Naauao. Naauao went to the Defendant's cell with a waiver of rights form to get written verification that Defendant was exercising his right to remain silent. The Defendant continued to ask why he was being held. Naauao showed him the written statements of several witnesses explaining how these incriminated him. The Defendant stated that he wished to explain what happened and Naauao said that he would return in a half hour if Defendant wanted to make a statement. Upon Naauao's return, the Defendant agreed. He was then taken to the detective division where he made a formal confession after being warned of and waiving his constitutional rights.

Defendant's motion to suppress the confession was heard and orally denied on April 22, 1982. He was convicted on June 24, 1983 after a jury-waived trial during which the transcribed statement was admitted into evidence. On September 1, 1983, he was sentenced to 10 years of imprisonment with a five-year mandatory minimum term.[1]

II.

Defendant contends that by furnishing him with information about the evidence against him, the police violated his asserted right to silence and consequently, the court erred in denying his motion to suppress the

---

[1]On December 13, 1979, Defendant was convicted of Robbery in the Second Degree in violation of HRS § 708-841(1)(a) and of carrying a firearm without a permit or license in violation of HRS § 134-9. He was sentenced to five years probation. In light of the instant conviction, the State moved for sentencing as a repeat offender pursuant to HRS § 706-606.5. The motion was granted and the five-year mandatory minimum term imposed upon the ten-year sentence.

resulting statement.[2] We agree.

It is well settled that before statements stemming from custodial interrogation may be offered against a criminal defendant at trial, the State must demonstrate that law enforcement officials gave certain warnings and followed specific procedures effective to secure the privilege against self-incrimination guaranteed by both the Fifth Amendment of the United States Constitution and by article I, section 8 of our State constitution.[3] *Miranda v. Arizona,* 384 U.S. 436, (1966); in accord: *State v. Paahana,* 66 Haw. 500, 502, 666 P.2d 592, 595 (1983); *State v. Melemai,* 64 Haw. 479, 643 P.2d 541 (1982). If this is not done prior to or in the course of any subsequent interrogation, any statement made by a person in custody cannot be admitted against him at trial. *Michigan v. Mosely,* 423 U.S. 96, 99-100 (1975); *State v. Santiago,* 53 Haw. 254, 266, 492 P.2d 657, 664 (1971).

Basic to the privilege against self-incrimination is the right of an individual accused or suspected of a crime not to speak. This is because without the right to cut off police questioning, the inherently compelling pressures of in-custody interrogation operate to overbear free choice, the foundation of the privilege, and statements elicited after its invocation cannot be other than the product of compulsion. *Miranda v.*

---

[2]Though Defendant raises other points of error in regard to the denial of his motion to suppress, this is the only issue which we choose to consider.

In ruling on the motion, the lower court did not make written findings and conclusions as required by Hawaii Rules of Penal Procedure, Rule 12(e) but orally held:

The Court is denying the Motion to Suppress. The Court does not find improper inducement nor does the Court believe defendant when he states he wants an attorney.

The Court also finds that the statement was voluntarily and intelligently given after a voluntary and intelligent waiver. There is insufficient evidence to show that defendant was in such pain that that also was inducement. There's no question that the defendant did suffer an injury. He was taken to emergency hospital. He was treated and he was released back to the police.

The Court denies the Motion to Suppress.

While we do not sanction the court's failure to follow the rule, it is clear that the court disbelieved Defendant's conflicting claims that he had asserted his right to counsel, that his confession had been induced by improper promises, and that at the time of his confession, he was suffering from injuries sustained in an earlier altercation with the victim. As the trial court is vested with the discretion to determine credibility, its decision on these matters was not error. *MPM Hawaiian, Inc. v. Amigos, Inc.,* 63 Haw. 485, 487, 630 P.2d 1075, 1077 (1981); *State v. Green,* 51 Haw. 260, 264, 457 P.2d 505, 508 (1968).

[3]A defendant must be advised "of his right to remain silent, that anything he says can and will be used against him, that he has the right to have an attorney present, and that if he cannot afford counsel, one will be appointed for him prior to any interrogation." *State v. Kalai,* 56 Haw. 366, 368, 537 P.2d 8, 11 (1975).

*Arizona, supra* at 474. Accordingly, if an individual indicates in any manner, at any time prior to or during interrogation that he wishes to remain silent, the interrogation must cease. *Id.* at 473, 474; in accord: *State v. Kalani,* 3 Haw. App. 334, 342, 649 P.2d 1188, 1194 (1982); *State v. Kaeka,* 3 Haw. App. 444, 447-448, 653 P.2d 96, 99 (1982). At this point he has shown that he intends to exercise the privilege. *Id.*

It is uncontradicted that the Defendant told the turnkey that he did not wish to make a statement thereby invoking his right to remain silent. The issue presented is whether subsequent interrogation ceased. The test to determine interrogation is whether the police officer should have known that his questions, words, or actions were reasonably likely to elicit an incriminating response. *State v. Ikaika,* 67 Haw. 563, 698 P.2d 281 (1981); *Rhode Island v. Innis,* 446 U.S. 291, 301 (1980). Here, the police officer should have known that the presentation of apparently overwhelmingly inculpatory evidence in the form of written witnesses' statements and oral explanations of them was reasonably likely to elicit such a response from the Defendant. This conduct constituted interrogation, thus violating Defendant's asserted constitutional rights.

We are mindful that the right to remain silent does not create a per se proscription of infinite duration upon any further police-initiated questions; the test being whether assertion of the right was scrupulously honored. *Michigan v. Mosely, supra; State v. Kaeka, supra.* Here, however, this was not done. Almost immediately upon learning that the Defendant did not wish to make a statement, the police officer engaged in the functional equivalent of questioning. There is no evidence in the record to indicate that the effect of this violation had sufficiently dissipated at the time Defendant waived his rights and made his statement. His confession cannot be other than the product of coercion and should have been suppressed.

All other issues raised by Defendant are dismissed as being without merit.

The conviction of the Defendant and the order denying the motion to suppress are reversed. The case is remanded to the circuit court for proceedings not inconsistent with this opinion.

*Chris C. China* for Defendant-Appellant.

*Willard J. Peterson,* Deputy Prosecuting Attorney, for Plaintiff-Appellee.