MEMORANDUM *
John Mannering appeals the district court’s grant of summary judgment to defendant Hawaii Employers’ Mutual Insurance Company (“HEMIC”) on his claims for bad faith failure to defend, negligence, misrepresentation, estoppel, promissory estoppel, breach of fiduciary duty, conspir *116 acy to defraud, breach of contract, breach of warranty, deceptive practices, and punitive damages. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse the grant of summary judgment on the failure to defend claim, but affirm as to all other claims.
We review a grant of summary judgment de novo. Newman v. County of Orange, 457 F.3d 991, 993 (9th Cir.2006). In doing so, we view “the evidence in the light most favorable to the non-moving party” to determine “whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law.” United States ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall, 355 F.3d 1140, 1144 (9th Cir.2004).
I
Mannering argues that HEMIC was at fault under several tort and contract theories for failing to make clear that the insurance policy it offered and sold him did not include United States Longshore and Harbor Workers (“USL&H”) coverage. This argument necessarily fails because Mannering procured the insurance through a broker, Scott Christensen of Insurance Associates, who recognized that the insurance HEMIC offered and Mannering purchased did not include USL&H coverage. Although the Hawaii Supreme Court has not directly addressed the issue, we are confident that it would follow the general rule that insurance brokers are presumed to act as agents of the insured, not of the insurer, particularly on the facts here. See Marsh & McLennan of California, Inc. v. City of Los Angeles, 62 Cal. App.3d 108, 117-18, 132 Cal.Rptr. 796 (Cal. Ct.App.1976); Allstate Ins. Co. v. Kim, 121 F.Supp.2d 1301, 1307 (D.Haw.2000) (collecting cases for the proposition that the Hawaii Supreme Court generally follows California courts in insurance matters); see also Nautilus Ins. Co. v. First Nat’l Ins., Inc., 254 Mont. 296, 837 P.2d 409, 411 (1992); Prosser Comm’n Co., Inc. v. Guar. Nat’l Ins. Co., 41 Wash.App. 425, 700 P.2d 1188, 1192 (Wash.1985); Joseph Forest Prods., Inc. v. Pratt, 278 Or. 477, 564 P.2d 1027, 1029 (1977).
Here, Insurance Associates had an “Agent Agreement” with HEMIC, but its authority to act on HEMIC’s behalf was limited. We agree with the district court that Christensen was not acting within the scope of the Agent Agreement, and was acting only as Mannering’s agent, in applying for the insurance policy, evaluating the offer, and communicating with Mannering about the policy obtained. Because Christensen recognized that the insurance policy did not include USL&H coverage, and, by virtue of the agency relationship, his knowledge is imputed to Mannering, see Imperial Fin. Corp. v. Fin. Factors, Ltd., 53 Haw. 203, 490 P.2d 662, 664 (1971) (“[I]n general the knowledge of an agent ... is to be imputed to the principal.”) (citation omitted), summary judgment is appropriate on the claims for negligence, punitive damages, misrepresentation, promissory estoppel, estoppel, and deceptive practices.
II
Mannering argues that summary judgment was inappropriate on his breach of warranty claim because HEMIC failed to meet its burden by not specifically addressing this claim. We disagree. The evidence before the district court on the motion for summary judgment included the policy, which contained no express warranty that it covered the work done on Mannering’s project. Furthermore, Man-nering’s claims that HEMIC breached implied warranties of merchantability and fitness for particular purpose are without *117 merit, as such warranties are implied only for contracts for the sale of goods. Haw. Rev.Stat. § 490:2-314; Haw.Rev.Stat. § 490:2-315.
III
After asserting in his statement of facts to the district court that the insurance policy “insured nothing,” Mannering argues on appeal that the policy in fact provided state workers’ compensation benefits for all of his employees, and that HEMIC thus breached the contract by denying workers’ compensation benefits to the decedents of Mannering’s employee. Because this argument was not properly raised before the district court, and no exceptional circumstances justify consideration on appeal, we decline to address this claim and affirm summary judgment. See In re Rains, 428 F.3d 893, 902 (9th Cir. 2005) (finding an issue waived where it was raised for the first time in a reply brief before the district court); Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1080 (9th Cir.2008) (holding that where a complaint does not include the necessary factual allegations to support a claim, the claim is waived even if asserted in a summary judgment motion).
IV
Mannering next contends that HEMIC conspired to defraud him and breached its fiduciary duties by (1) seeking to have Mannering sign a document confirming that his policy did not include USL&H coverage; and (2) agreeing with Christensen to develop a false story regarding the requested coverage and that would protect HEMIC from having to provide USL&H coverage and Insurance Associates from liability. There are two problems with these claims: First, for the reasons stated above, HEMIC had no obligation to provide USL&H coverage, and thus could not conspire to defraud Mannering of such coverage. See Weinberg v. Mauch, 78 Hawaii 40, 890 P.2d 277, 286 (1995). Second, the evidence that HEMIC agreed with Christensen to protect Insurance Associates from liability is insufficient to defeat summary judgment; even construed in the light most favorable to Mannering, the evidence and allegations suggest only that HEMIC sought evidence and admissions that would reduce its legal exposure, and not that it agreed to or was involved in creating false evidence. We thus affirm summary judgment on the conspiracy to defraud and breach of fiduciary duties claims.
V
We reverse the grant of summary judgment on Mannering’s bad faith failure to defend claim. Before the district court, HEMIC argued only that it had paid for Mannering’s defense against the death benefits claim through the initial administrative proceedings, and acknowledged that it had not paid for the appeal. Although the duty to defend only includes a “duty to appeal where reasonable grounds for an appeal exist,” Delmonte v. State Farm Fire & Cas. Co., 90 Hawai’i 39, 975 P.2d 1159, 1169 (1999), HEMIC has not demonstrated that Mannering lacked reasonable grounds for appeal. Rather, this court’s publication of a lengthy opinion resolving the case, see Healy Tibbitts Builders, Inc. v. Director, O.W.C.P., 444 F.3d 1095 (9th Cir.2006), indicates that the issues were sufficiently unsettled that reasonable grounds for appeal existed.
Each party shall bear its own costs on appeal.
AFFIRMED in part; REVERSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.