LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29842

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
MARWAN TIMOTHY SAAD JACKSON, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 06-1-0045)

2010 APR 21 AM 8:13
JEAN R. KIKUMOTO
CLERK, APPELLATE COURTS
STATE OF HAWAI'I
FILED

MEMORANDUM OPINION
(By: Foley and Fujise, JJ.; and
Nakamura, C.J., dissenting)

Plaintiff-Appellant State of Hawai'i (State) appeals from the "Findings of Fact, Conclusions of Law and Order Granting in Part and Denying in Part State of Hawai'i's Motion to Determine Voluntariness of Defendant's Statements" filed on May 4, 2009 in the Circuit Court of the Third Circuit[1] (circuit court). On appeal, the State challenges the circuit court's determination that the police engaged in the functional equivalent of interrogation, thereby eliciting an incriminating response from Defendant-Appellee Marwan Timothy Saad Jackson (Jackson or Defendant). The State specifically contends that Conclusions of Law (COLs) 9 and 10 were wrong.

On January 26, 2006, the State indicted Jackson for Count I, Murder in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-701.5(1) (1993); Count II, Sexual Assault in the First Degree, in violation of HRS § 707-730(1)(a) (Supp. 2005); Count III, Kidnapping, in violation of HRS § 707-720(1)(d) (1993); and Count IV, Violation of an Order for Protection, in violation of HRS § 586-11 (2006 Repl.).

On March 19, 2009, the State filed a Motion to Determine Voluntariness of Defendant's Statements (Motion to Determine Voluntariness), in which the State identified four instances where Jackson made statements to the police: (1) on November 25, 2005 to Officer Finkey; (2) on November 25, 2005 to

---

[1] The Honorable Greg K. Nakamura presided.

Officer Silva; (3) on November 25, 2005 to Detective Esteban[2]; and (4) on November 26, 2005 to Detectives Esteban and Poy. The State admitted that on November 26, 2005, prior to the statements made by Jackson to Detectives Poy and Esteban, Jackson had been arrested, advised of his constitutional rights, requested an attorney, and asserted his right to remain silent. The circuit court determined that all of Jackson's statements referred to in the Motion to Determine Voluntariness were not the product of custodial interrogation except for those Jackson made on November 26, 2005 to Detectives Esteban and Poy. Only the November 26, 2005 statements are at issue in this appeal.

On November 26, 2005, Detectives Esteban and Poy and Officer Souki met with Jackson for the purpose of executing a warrant authorizing them to take photographs of Jackson and collect his fingernail clippings. About 45 minutes into the approximately one-hour-long process, Jackson asked about the charge against him. Detective Esteban recorded the events in his police report as follows:

> As I was nearing the completion of evidence recovery for this search warrant, JACKSON asked out loud to no one in particular, "What am I being charged for?" I informed him that "you're not being charged for anything right now but what we're investigating is serious enough that you may spend the rest of your life in prison."

> I noted that JACKSON became upset and stated something to the effect of, "The rest of my life? I'm only 24. I'm a young man. How can I spend the rest of my life in prison just for fighting with my wife?" He continued by stating in an agitated voice something to the effect of, "We were just fighting. She hit me two times. The second time that she hit me in the head, I just lost it."

After a hearing on the Motion to Determine Voluntariness, the circuit court made the following Findings of Fact (FOFs):

> 19.    [Jackson] repeatedly asked "what am I being charged for?".

> 20.    At one point, Det. Esteban answered that [Jackson] was not being charged with anything right now but what they're investigating "is serious enough that you may spend the rest of your life in prison."

___

[2]  At the time of the hearing on the Motion to Determine Voluntariness, Detective Esteban had been promoted to Lieutenant. We refer to Lieutenant Esteban as Detective Esteban to avoid confusion.

21.     [Jackson] responded by stating "the rest of my
life.  I'm only 24!  I'm a young man!  How can I spend the
rest of my life in jail just for fighting with my wife?".

22.     [Jackson] continued by stating "we were just
fighting.  She hit me two times.  The second time that she
hit me in the head, I just lost it."

The circuit court's FOFs were consistent with the account of events contained in Detective Esteban's police report.  In COL 9,[3] the circuit court stated:  "[Detective] Esteban's statement to [Jackson] as noted in FOF No. 20 was custodial interrogation in that it was reasonably likely to evoke an incriminating response."  In COL 10, the circuit court stated: "[Jackson's] statements to Det. Esteban and Det. Poy as noted in FOF Nos. 21 and 22 were the product of improper custodial interrogation."

A circuit court's decision on a motion to determine voluntariness is the functional equivalent of a determination on a motion to suppress statements.  See State v. Naititi, 104 Hawai'i 224, 234, 87 P.3d 893, 903 (2004).  The standard of review for a determination on a motion to suppress statements should therefore be applicable to a determination of voluntariness.  The circuit court's ultimate determination to suppress a statement is reviewed under the right/wrong standard. State v. Spillner, 116 Hawai'i 351, 357, 173 P.3d 498, 504 (2007); State v. Rippe, 119 Hawai'i 15, 21, 193 P.3d 1215, 1221 (App. 2008).  The FOFs underlying the ultimate determination are reviewed under the clearly erroneous standard, and the COLs are reviewed de novo.  Id.

A determination that a comment by the police is likely to elicit an incriminating response is a factual component of the ultimate determination of whether or not a custodial interrogation occurred and therefore is an FOF subject to the clearly erroneous standard of review.  State v. Mitchell, 948 A.2d 335 (Conn. App. Ct. 2008); People v. Wood, 135 P.3d 744, 751

---

[3]  The circuit court's denomination of an FOF as a COL does not control the standard of review applied on appeal.  Schiller v. Schiller, 120 Hawai'i 283, 301, 205 P.3d 548, 566 (App. 2009).

(Colo. 2006); <u>Dixon v. Commonwealth</u>, 149 S.W.3d 426, 433 (Ky. 2004).

It is well-established that interrogation for purposes of a determination of custodial interrogation is not limited to questioning, but also includes its functional equivalent.

> We conclude that the *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term "interrogation" under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.

<u>Rhode Island v. Innis</u>, 446 U.S. 291, 300-01 (1980) (footnote omitted); <u>see also</u> <u>State v. Ketchum</u>, 97 Hawai'i 107, 119, 34 P.3d 1006, 1018 (2001); <u>State v. Ah Loo</u>, 94 Hawai'i 207, 210, 10 P.3d 728, 731 (2000); <u>State v. Melemai</u>, 64 Haw. 479, 481 n.3, 643 P.2d 541, 544 n.3 (1982). A statement constitutes the functional equivalent of interrogation if "the police officer should have known that his [or her] words or actions were reasonably likely to elicit an incriminating response." <u>Ketchum</u>, 97 Hawai'i at 119, 34 P.3d at 1018 (quoting <u>State v. Ikaika</u>, 67 Haw. 563, 567, 698 P.2d 281, 284 (1985)).

By confronting Jackson with information that the police were investigating an offense that might put Jackson in prison for the rest of his life, Detective Esteban effectively accused Jackson of a serious criminal offense. Confronting a suspect with evidence of guilt was the primary example used in <u>Innis</u> to justify the expansion of "interrogation" beyond literal questioning. <u>Innis</u>, 446 U.S. at 299.

The Hawai'i Supreme Court followed <u>Innis</u> in <u>State v. Uganiza</u>, 68 Haw. 28, 30, 702 P.2d 1352, 1354-55 (1985). Uganiza was in custody at the cellblock when he told Sergeant Naauao that he did not know why he was there. <u>Id.</u> at 29, 702 P.2d at 1353. Sergeant Naauao told Uganiza that he would be back in an hour and would talk to Uganiza then. <u>Id.</u> Upon Sergeant Naauao's return, he was informed by the cellblock turnkey that Uganiza did not want to speak with him. <u>Id.</u> The following then occurred:

> Naauao went to the Defendant's cell with a waiver of rights form to get written verification that Defendant was

4

> exercising his right to remain silent.  The Defendant
> continued to ask why he was being held.  Naauao showed him
> the written statements of several witnesses explaining how
> these incriminated him.  The Defendant stated that he wished
> to explain what happened and Naauao said that he would
> return in a half hour if Defendant wanted to make a
> statement.  Upon Naauao's return, the Defendant agreed.  He
> was then taken to the detective division where he made a
> formal confession after being warned of and waiving his
> constitutional rights.

Id.  The Hawai'i Supreme Court held that confronting Uganiza with incriminating evidence was the functional equivalent of interrogation.

> Here, the police officer should have known that the
> presentation of apparently overwhelming inculpatory evidence
> in the form of written witnesses' statements and oral
> explanations of them was reasonably likely to elicit such a
> response from the Defendant. This conduct constituted
> interrogation, thus violating Defendant's asserted
> constitutional rights.

Id. at 30, 702 P.2d at 1354-55.

The circuit court did not clearly err when it found that Detective Esteban's statement to Jackson that the police were investigating an offense that might cause Jackson to spend the rest of his life in prison was reasonably likely to elicit an incriminating response.  Therefore, the "Findings of Fact, Conclusions of Law and Order Granting in Part and Denying in Part State of Hawai'i's Motion to Determine Voluntariness of Defendant's Statements" filed on May 4, 2009 in the Circuit Court of the Third Circuit is affirmed, and the case is remanded for further proceedings.

DATED:  Honolulu, Hawai'i, April 21, 2010.

On the briefs:

M. Kanani Laubach,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellant.

Stanton C. Oshiro
for Defendant-Appellee.

Associate Judge

Associate Judge