**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000186
10-DEC-2024
08:09 AM
Dkt. 63 SO**

NO. CAAP-21-0000186

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WILMINGTON SAVINGS FUND SOCIETY, FSB, doing business as
CHRISTIANA TRUST AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT
OPPORTUNITIES TRUST III, Plaintiff-Appellee, v.
PUNOHU KEKAUALUA III, Defendant-Appellant, and
DOES 1-20, JANE DOES 1-20, DOE CORPORATIONS 1-20,
DOE ENTITIES 1-20, AND DOE GOVERNMENTAL UNITS 1-20,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CCV-20-0000108)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth, Nakasone, JJ.)

Defendant-Appellant Punohu Kekaualua III (**Kekaualua**) appeals from the April 1, 2021 Final Judgment (**Judgment**) entered by the Circuit Court of the Fifth Circuit (**Circuit Court**)[1] in favor of Plaintiff-Appellee Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III (**Wilmington Savings**). Kekaualua also challenges the Circuit Court's April 1, 2021 Findings of Fact; Conclusions of Law; Order Granting [Wilmington Savings's] Motion for Summary Judgment and Order for Declaratory Relief, Injunctive

_____

[1] The Honorable Kathleen N.A. Watanabe presided.

Relief, Expungement of Unauthorized Recorded Instrument and Other Relief Filed January 15, 2021 [(**Motion for Relief**)]; Exhibit "A" (**Expungement Order**).

Kekaualua raises five points of error on appeal, contending that the Circuit Court erred by: (1) granting the Motion for Relief based upon inadmissible evidence and in spite of the existence of genuine issues of material fact; (2) *inter alia*, taking judicial notice of pleadings/filings in separate court cases; (3) rejecting Kekaualua's request for a continuance so that he could obtain a Hawaiian language interpreter to translate documents from the Great Mahele and then prepare a response; (4) summarily denying Kekaualua's objections at the hearing on the Motion for Relief; and (5) granting Wilmington Savings's request for attorney's fees under Hawaii Revised Statutes (**HRS**) chapter 507D.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kekaualua's points of error as follows:

(1-4) Kekaualua did not answer the Complaint, took no court action at any time with respect to the default that was entered against him, filed no response to the Motion for Relief, raised no evidentiary objection to the evidence brought forward by Wilmington Savings, and did not otherwise dispute the allegations of the Complaint or the evidence put forward by Wilmington Savings. Even when the Circuit Court allowed him to address the court at the hearing on the Motion for Relief,

Kekaualua did not deny any of the critical allegations that were raised in the Complaint and supported by Wilmington Savings in conjunction with the Motion for Relief. It is essentially undisputed that, *inter alia*: Wilmington Savings acquired title under a Commissioner's Deed in a prior foreclosure case; Kekaualua was a stranger to the borrowers and the subject property (**Property**), but nevertheless attempted to assert an interest in the Property, which was rejected in the foreclosure court and on appeal, but Kekaualua nevertheless moved into the Property and had to be evicted, and Kekaualua subsequently recorded a deed for the Property with the State of Hawaiʻi Bureau of Conveyances, from himself to himself, and has taken other actions (*e.g.*, seeking TROs against Wilmington Savings' realtor) that have significantly interfered with Wilmington Saving's property rights. Kekaualua's oral explanation of a purported interest is loosely based on his assertion of a possibility that he has rights in the Property based on his genealogy and the assertion that there is no treaty of annexation here in Hawaiʻi, which is in "military occupation," and in the rules of war, as a Kingdom of Hawaiʻi national, he has rights to seek shelter and refuge, and he "took part in this" to provide a home and a place to grow food for his family.

The evidentiary objections Kekaualua seeks to raise for the first time on appeal were not properly raised in the Circuit Court. See MPM Hawaiian, Inc. v. Amigos, Inc., 63 Haw. 485, 486, 630 P.2d 1075, 1077 (1981); see also Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28 (b)(4) & (7). Under the circumstances

3

of this case, the Circuit Court did not abuse its discretion in denying Kekaualua's request for two or three more months to research the Great Mahele to try to substantiate a claim to the Property. Kekaualua's other procedural objections are both meritless and waived. See HRAP Rule 28 (b)(4) & (7).

(5) Kekaualua argues, for the first time on appeal, that his "wild deed" is not a lien within the meaning of HRS chapter 507D (2018), and therefore, the Circuit Court erred in awarding Wilmington Savings attorney's fees pursuant to HRS § 507D-7. This argument is waived. See HRAP Rule 28 (b)(4) & (7).[2]

For these reasons, the Circuit Court's April 1, 2021 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, December 10, 2024.

On the briefs:

Kai Lawrence, (Hawaii
Appellate Pro Bono Program)
for Defendant-Appellant

Charles R. Prather,
Robin Miller,
Peter Stone, (TMLF Hawaii
LLLC) for Plaintiff-Appellee

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[2] We nevertheless note that this abusive recording appears to be the sort of action that the legislature sought to address in enacting HRS chapter 507D. See, e.g., State v. Lorenzo, CAAP-16-0000410, 2019 WL 7167171, at *4 (Haw. App. Dec. 23, 2019) (SDO); Olson v. Lui, Civ. 10-00691 ACK, 2012 WL 39140, at *4-6 (D. Haw. Jan. 6, 2012) (Order).