**<u>NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER</u>**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000061
28-APR-2023
07:55 AM
Dkt. 60 SO**</span>

NO. CAAP-19-0000061

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
MAC NGUYEN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-18-01758)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Mac Nguyen (**Nguyen**) appeals from the (1) October 31, 2018 "Notice of Entry of Judgment and/or Order and Plea/Judgment," and (2) January 3, 2019 "Notice of Entry of Judgment and/or Order and Plea/Judgment," both filed and entered by the District Court of the First Circuit (**District Court**).[1]  After a consolidated bench trial and hearing, the District Court convicted Nguyen of Operating A Vehicle Under The Influence Of An Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1).

---

[1]    The Honorable Alvin K. Nishimura presided over the suppression hearing and trial.  The Honorable Sherri-Ann L. Iha entered the final judgment.

On appeal, Nguyen raises three points of error,[2] contending that: (1) the District Court "erred in denying Nguyen's motion to suppress his 'statements,'" which included Nguyen's admission of drinking, "his responses to medical rule-out [(**MRO**)] questions," and "his performance [on] the [standardized field sobriety test (**SFST**)]"; (2) the dismissal of the case is required "pursuant to State v. Thompson where the complaint did not meet the requirements of HRS § 805-1"; and (3) the "arraignment on the fatally defective Complaint was a nullity and violated [Hawaiʻi Rules of Penal Procedure (**HRPP**)] Rules 5(b) and 10(a)."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Nguyen's points of error as follows, and affirm.

The pertinent background is as follows. On May 8, 2018, Nguyen was stopped by Honolulu Police Department (**HPD**) Officer Jared Spiker (**Officer Spiker**) after the officer observed Nguyen driving "at a high rate of speed" and fail to stop at two stop signs. Upon approach of Nguyen's vehicle, Officer Spiker noticed a "strong odor of an alcoholic type beverage coming from [Nguyen's] breath and red, watery, glassy eyes." Nguyen's face was flushed and he had "slurred speech." Officer Spiker informed Nguyen that he planned to ask Nguyen to participate in a SFST, to which Nguyen responded that "he just drank 30 minutes ago." Officer Spiker asked Nguyen to exit his vehicle. HPD Officer Richard Townsend (**Officer Townsend**) arrived to cover Officer

---

[2] Nguyen filed a Supplemental Brief on May 12, 2022, raising the second and third points of error. The State also filed a Supplemental Brief on May 16, 2022.

Nguyen was allowed to file the Supplemental Brief to address the Complaint in this case in light of State v. Thompson, 150 Hawaiʻi 262, 267-68, 500 P.3d 447, 452-53 (2021), in which the Hawaiʻi Supreme Court held that failure to comply with HRS § 805-1 renders a complaint "fatally defective," and that such a complaint cannot be used to support the issuance of an arrest warrant or penal summons.

Spiker and administer the SFST.  When asked by Officer Townsend, Nguyen assented to submitting to the SFST.

Prior to the SFST, Officer Townsend asked Nguyen MRO questions, including whether Nguyen was "on any kind of medication"; "under the care of a doctor or dentist"; "under the care of an eye doctor"; "epileptic or diabetic"; "wearing contacts"; "blind in any of his eyes, or ha[d] an artificial or glass eye"; and whether he "ha[d] any physical defects or speech impediments[.]"  Nguyen answered "no" to the medical rule-out questions, and, based on Nguyen's responses, Officer Townsend believed that there was nothing that would physically affect Nguyen's ability to perform the SFST.

Officer Townsend administered the SFST and determined that Nguyen was unable to safely operate his vehicle.  Nguyen was placed under arrest and charged with OVUII, in violation of HRS § 291E-61(a)(1) and/or (a)(3).

Nguyen filed a Motion to Suppress Statements (**Motion to Suppress**), specifically requesting suppression of the following:

> 1.  Any statements made by [Nguyen] to [HPD] Officers or other governmental personnel.
>
> 2.  Any and all evidence seized or information gained by the [HPD] after [Nguyen] was placed under arrest, was not read his/her Miranda rights or was instructed that he/she did not have a right to have an attorney.

Nguyen principally argued what is the subject matter of the instant appeal -- that he was in custody and subject to interrogation in violation of his Miranda rights when he was stopped by Officer Spiker.

A consolidated hearing on the Motion to Suppress and a bench trial on the OVUII charge was held on October 31, 2018.  The State confirmed that it would proceed under HRS § 291E-61(a)(1) and not subsection (a)(3).  The District Court denied Nguyen's motion as to his statement that he "just drank thirty minutes ago" because,

> [I]t does appear that that [sic] was a spontaneous utterance. It was not in response to any particular

3

question.  It was something that was said by the
defendant as the officer was conducting his further
investigation, you know, in this matter.

As to the SFST, the court denied suppression because "[t]here's nothing to indicate that -- that the field sobriety test was in any way a result of any custodial interrogation under the facts of this case."

At the conclusion of trial on October 31, 2018, the District Court found Nguyen guilty of OVUII, citing Nguyen's speeding, disregard of two stop signs, and performance on the SFST, as evidence that Nguyen "was impaired."[3]  Nguyen timely appealed.

**(1)** Nguyen argues that because he was never advised of his Miranda[4] rights when he was pulled over, his "statements," including his admission that he had been drinking, his responses to the MRO questions, and his performance on the SFST, were the product of a custodial interrogation and should all be suppressed.

---

[3]     The District Court stated the following when finding Nguyen guilty:

> So there's no doubt that defendant had been consuming alcohol. The facts -- the driving I think in and of itself is sufficient to prove beyond a reasonable doubt that the defendant was impaired, had been -- consumed alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty as he ran through one stop sign and, you know, without slowing down and the other one he slowed but didn't stop.
>
> I think the field sobriety test just confirms -- confirms what occurred in the driving that the defendant was impaired.  As indicated, defendant appeared to not be able to follow the instructions.  On the walk-and-turn the gaps between his feet was 7 to 8 inches, that he walked with arms out like a T throughout the entire test.  And I think all of that just confirms what is already indicated by the driving, is that defendant was impaired.
>
> So for those reasons, the Court does find that the State has met its burden of proof beyond a reasonable doubt as to every element of the offense and finds the defendant guily of -- of the charge 291E-61.

[4]     See Miranda v. Arizona, 384 U.S. 436 (1966).

4

Questions of constitutional law, such as the District Court's ruling on the motion to suppress, are reviewed "de novo to determine whether the ruling was 'right' or 'wrong.'" State v. Manion, 151 Hawaiʻi 267, 271-72, 511 P.3d 766, 770-71 (2022) (internal quotation marks and citations omitted) (quoting State v. Lee, 149 Hawaiʻi 45, 49, 481 P.3d 52, 56 (2021)).

**Denial of suppression of Nguyen's admission of drinking was correct.**

Nguyen argues that under State v. Tsujimura, 140 Hawaiʻi 299, 400 P.3d 500 (2017), Nguyen was "seized at the moment that Officer Spiker detained him for the alleged traffic violations" because Nguyen was not free to leave; Nguyen's "pre-arrest" right to remain silent under the Hawaiʻi Constitution had attached; and "any post-seizure verbal or non-verbal communicative acts" including the "spontaneous utterance" and SFST performance — — should be suppressed.

In State v. Uchima, 147 Hawaiʻi 64, 83, 464 P.3d 852, 871 (2020), the Hawaiʻi Supreme Court rejected this same argument, where Uchima contended that "he had a pre-arrest right to remain silent pursuant to Tsujimura, [and] that his verbal and non-verbal responses should therefore have been suppressed." The Uchima court explained that Tsujimura applies to cases involving a defendant's pre-arrest right to remain silent after being detained, where the State seeks to introduce and use evidence of the defendant's silence against him. Id. Here, as in Uchima, the State did not seek to use evidence of Nguyen's pre-arrest silence against Nguyen; thus, Tsujimura is inapposite.

Nguyen does not present any argument challenging the District Court's finding in its oral ruling that Nguyen's statement that he "just drank thirty minutes ago" was a "spontaneous utterance" that "was not in response to any particular question." An unchallenged finding of fact is binding. State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (citation omitted). As Nguyen's spontaneous admission was not made in response to any express questioning by the officer, and there is no argument that the officer's words or actions

5

otherwise constituted illegal interrogation, there was no <u>Miranda</u> violation.  <u>See</u> <u>Uchima</u>, 147 Hawaiʻi at 84, 464 P.3d at 872 ("[I]nterrogation encompasses not only express questioning, but also any words or actions . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect.")  (citations omitted).  Thus, the District Court was correct in denying the suppression of Nguyen's admission of drinking.  <u>See</u> <u>Manion</u>, 151 Hawaiʻi at 271-72, 511 P.3d at 770-71.

**Denial of suppression of Nguyen's responses to the MRO questions was wrong.**

Nguyen argues that the MRO questions constituted "interrogation" because they "were specifically designed to rule out any possible causes for irregularities on the SFST other than intoxication."  The District Court made no specific findings as to the MRO questions and ruled only that Nguyen was not subject to custodial interrogation.  In its Answering Brief, the State did not provide any counter-argument specifically addressing whether the MRO questions constituted interrogation or not.  The State did not dispute that Nguyen was in custody or subjected to interrogation, and only raised arguments regarding the admission of Nguyen's SFST performance, which we discuss <u>infra</u>.

"[T]he requirement of *Miranda* warnings is triggered by two criteria: (1) the defendant must be under interrogation; and (2) the defendant must be in custody."  <u>State v. Ah Loo</u>, 94 Hawaiʻi 207, 210, 10 P.3d 728, 731 (2000) (citation, internal quotation marks, and brackets omitted).  The State does not challenge Nguyen's contention on appeal that Nguyen was in "custody."  In <u>State v. Skapinok</u>, 151 Hawaiʻi 170, 185, 510 P.3d 599, 614 (2022), the Hawaiʻi Supreme Court held that "all of the [MRO] questions are interrogation" because "[a]lthough the 'incriminating inference' may be indirect, the questions nevertheless adduce evidence to establish that intoxication caused any poor performance on the SFST."[5]  Thus, <u>Miranda</u>

---

[5]     In <u>Skapinok</u>, the officer asked the following MRO questions:

(continued...)

warnings were required prior to the officer asking these questions.  <u>See</u> <u>id.</u>  Here, no <u>Miranda</u> questions were given, and Nguyen's responses to the MRO questions should have been suppressed; and the District Court was wrong in this regard.  <u>See</u> <u>Manion</u>, 151 Hawai'i at 271-72, 511 P.3d at 770-71.

> **Denial of suppression of Nguyen's SFST-related responses and SFST performance was correct.**

Nguyen argues that his "verbal responses during the SFST and his non-verbal communicative responses (i.e. Nguyen's performance on the SFST) to Officer Spiker's and Officer Townsend's 'interrogation,' must be suppressed," as they violated Nguyen's right to remain silent and <u>Miranda</u> rights.  Nguyen also argues that the SFST should be suppressed as "fruit of the poisonous tree," based on the "illegally obtained verbal statements" consisting of Nguyen's responses to the MRO questions, and Nguyen's statement that he understood the SFST instructions.

The "verbal responses during the SFST" that Nguyen argues must be suppressed are the responses to the MRO questions discussed <u>supra</u> at section (2), and Nguyen's response that he understood the SFST instructions.  In <u>Skapinok</u>, 151 Hawai'i at 186, 510 P.3d at 615, the supreme court reaffirmed <u>Uchima</u>, holding that neither asking if a defendant would participate in

_____

[5](...continued)
> i. Do you have any physical defects or speech impediments?
>
> ii. Are you taking any medications?
>
> iii. Are you under the care of a doctor or dentist for anything?
>
> iv. Are you under the care of an eye doctor?
>
> iv. Do you have an artificial or glass eye?
>
> v. Are you epileptic or diabetic?
>
> vi. Are you blind in either eye?

151 Hawai'i at 173-74, 510 P.3d at 602-03.  These questions are identical to the MRO questions that Officer Townsend asked Nguyen in this case.

the SFST nor asking if the defendant understood the instructions constituted "interrogation":

> Here, the officer administering the SFST asked the defendant whether he would participate in an SFST, whether he understood the instructions of the individual tests, and whether he had any questions. These preliminary questions were not reasonably likely to lead to incriminating responses because neither an affirmative or negative response to these questions is incriminating. Rather, the questions allow the officer to determine whether the defendant was willing to undergo the SFST and whether he understood the officer's instructions prior to performing the three tests comprising the SFST. Thus, these questions were not of such nature that the officer should have known that they were likely to elicit an incriminating response.

(quoting Uchima, 147 Hawaiʻi at 84, 464 P.3d at 872) (brackets omitted). Thus, Nguyen's verbal response that he understood the SFST instructions was not interrogation, and not subject to suppression. The District Court did not err in this regard.

As to whether the SFST performance should be suppressed, the State argues that the SFST performance was admissible because it was not "communication" or "testimony" subject to the right against self-incrimination. In Manion, the supreme court explained that:

> The defendant's performance on the SFST does not constitute incriminating statements. In Wyatt, this court held that when conducting an SFST the State does not seek "communications" or "testimony," but rather, "an exhibition of 'physical characteristics of coordination.'" Here, the officer administering the SFST did not seek "communications" or "testimony" from the defendant. Rather, in conducting the SFST, the officer sought "an exhibition of 'physical characteristics of coordination.'" "Consequently, the field sobriety test was not rendered infirm by the constitutionally guaranteed privilege against compulsory self-incrimination."

151 Hawaiʻi at 274, 511 P.3d at 773 (emphases added) (brackets and ellipses omitted) (quoting Uchima, 147 Hawaiʻi at 84-85, 464 P.3d at 872-73). Because Nguyen's performance on the SFST was not "testimonial, like the answers to the [MRO] questions," it was not adduced in violation of Miranda. Id. at 273-74, 511 P.3d at 772-73. The District Court did not err in denying suppression of the SFST performance in this regard.

8

As to whether the SFST performance should be suppressed under the "fruit of the poisonous tree" doctrine, the Hawaiʻi Supreme Court held that performance on the SFST is not "fruit" of the MRO questions because

> [a]lthough they immediately preceded the SFST in time, the medical rule-out questions did not give the officers information that led them to search for evidence of intoxication, nor did the medical rule-out questions pique their suspicions such that their investigation was directed towards discovering evidence of intoxication.

Manion, 151 Hawaiʻi at 273, 511 P.3d at 772 (internal quotation marks, brackets, and citation omitted). Because the record in Manion reflected that the officer asked Manion to participate in the SFST, and Manion agreed to the SFST prior to any interrogation through the MRO questions, the officers "did not exploit the illegality by continuing to gather evidence that they had already set out to gather." Id.

Here, Officer Spiker had already set out to administer the SFST before Officer Townsend asked the MRO questions, and the officer had already asked for, and received, Nguyen's consent for the test. The officers did not "exploit the illegality by continuing to gather evidence that they had already set out to gather." Id. The SFST performance was not the fruit of the illegal MRO questions and responses. See id. Thus, the District Court did not err in denying suppression in this regard.

Based on the foregoing, we affirm in part and reverse in part the District Court's ruling denying Nguyen's motion to suppress. Nguyen's admission that he had been drinking and his SFST performance were admissible and not subject to suppression. However, Nguyen's responses to the MRO questions were not admissible and should have been suppressed. Although the District Court erred in denying suppression of the responses to the MRO questions, we nevertheless conclude that this error was harmless beyond a reasonable doubt, where the District Court did

not rely on this evidence in finding Nguyen guilty of OVUII.[6]
See Tsujimura, 140 Hawaiʻi at 318-19, 400 P.3d at 519-20 ("When
an error amounts to a violation of the privilege against
compelled self-incrimination under article I, section 10 [of the
Hawaiʻi Constitution], the analysis proceeds to whether the error
was harmless beyond a reasonable doubt.") (citation omitted).
Nguyen does not argue that the District Court relied on his MRO
responses in finding guilt.[7]  We conclude the error was harmless
beyond a reasonable doubt.

**(2)** Nguyen argues that the Complaint was defective
under HRS § 805-1[8] because no witness with direct observations of
Nguyen's misconduct "subscribed to" or "submitted a declaration
in support of the [C]omplaint."  Rather, the Complaint was signed
by the prosecutor.

Whether a complaint complied with applicable statute
and/or rule is a question of law we review *de novo*.  State v.
Thompson, 150 Hawaiʻi 262, 266, 500 P.3d 447, 451 (2021).

In State v. Mortensen-Young, SCAP-22-0000045, 2023 WL
2519396, at *15 (Mar. 15, 2023), the Hawaiʻi Supreme Court held
that HRS § 805-1 applies only to criminal complaints used to
obtain a penal summons or arrest warrant.  In other cases, such
as the OVUII prosecutions at issue in Mortensen-Young, HRPP Rule

---

[6]     As noted supra in note 3, the District Court relied on Nguyen's
drinking and SFST Performance as evidence of impairment for an OVUII
conviction.

[7]     Nguyen argues that:  "The District Court cited Nguyen's
performance on the SFST as confirming the impairment suggested by his traffic
violations and physical indicia, and the court's reliance on Nguyen's SFST
performance evidences that the error in admitting this evidence could not have
been harmless."

[8]     HRS § 805-1 (2014) provides:

> **§805-1. Complaint; form of warrant.**  When a complaint
> is made to any prosecuting officer of the commission of any
> offense, the prosecuting officer shall examine the
> complainant, shall reduce the substance of the complaint to
> writing, and shall cause the complaint to be subscribed by
> the complainant under oath, which the prosecuting officer is
> hereby authorized to administer, or the complaint shall be
> made by declaration in accordance with the rules of
> court. . . .

7[9] provides the proper framework to analyze the sufficiency of complaints. Id. at *14-15. In Mortensen-Young, the supreme court held that each of the appellees was properly charged with the offense of OVUII by a complaint signed by the prosecutor, pursuant to HRPP Rule 7(d), which does not require that a "'charging instrument in a misdemeanor case be signed by anyone other than a prosecutor'" or be "'subscribed under oath or made by declaration in lieu of an affidavit by anyone.'" Id. at *14.

Here, as in Mortenson-Young, HRS § 805-1 is inapplicable because the Complaint was not used to obtain a penal summons or arrest warrant. The Complaint set forth a concise and definite statement of the essential facts, was signed by the prosecutor, and referenced the statute that Nguyen allegedly violated, as required by HRPP Rule 7(d). Thus, the Complaint was sufficient to initiate the subject prosecution, and Nguyen's contention is without merit. See Mortensen-Young, 2023 WL 2519396, at *14-15.

**(3)** In light of our resolution, we need not address Nguyen's remaining point of error.

For the foregoing reasons, we affirm the October 31, 2018 "Notice of Entry of Judgment and/or Order and Plea/Judgment" and January 3, 2019 "Notice of Entry of Judgment and/or Order and

---

[9] HRPP Rule 7 states, in pertinent part:

**Rule 7. INDICTMENT, INFORMATION, OR COMPLAINT.**

. . . .

    (d) **Nature and contents.** The charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged. . . . A complaint shall be signed by the prosecutor. The charge need not contain a formal conclusion or any other matter not necessary to such statement. . . . The charge shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. . . .

11

Plea/Judgment," both filed and entered by the District Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, April 28, 2023.

On the briefs:

Alen M. Kaneshiro
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
for Plaintiff-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge